Amy L. Bennecoff Ginsburg (275805)
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Telephone: 215-540-8888
Facsimile: 215-540-8817
aginsburg@creditlaw.com
Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| **CAMERON ALLEN**, | ) | **Case No.:** |
| | ) | |
| Plaintiff | ) | **COMPLAINT FOR DAMAGES** |
| | ) | **1. VIOLATION OF THE FAIR DEBT** |
| | ) | **COLLECTION PRACTICES ACT, 15** |
| v. | ) | **U.S.C. §1692 ET. SEQ.;** |
| | ) | **2. VIOLATION OF THE ROSENTHAL** |
| | ) | **FAIR DEBT COLLECTION PRACTICES** |
| **CREDIT COLLECTION SERVICES,** | ) | **ACT, CAL. CIV. CODE §1788 ET. SEQ.;** |
| **INC.,** | ) | **3. VIOLATION OF THE TELEPHONE** |
| | ) | **CONSUMER PROTECTION ACT, 47** |
| Defendant | ) | **U.S.C. §227 ET. SEQ.** |
| | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| | ) | |

**COMPLAINT**

CAMERON ALLEN ("Plaintiff"), by and through his attorneys, KIMMEL &

SILVERMAN, P.C., alleges the following against CREDIT COLLECTION SERVICES

("Defendant"):

**INTRODUCTION**

1.    Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15

U.S.C. § 1692 *et seq.* ("FDCPA"), the Rosenthal Fair Debt Collection Practices Act, Cal. Civ.

PLAINTIFF'S COMPLAINT

1  Code §1788, *et seq.* ("RFDCPA") and the Telephone Consumer Protection Act, 47 U.S.C. § 227

2  *et seq.* ("TCPA").

3  **JURISDICTION AND VENUE**

4  2.     Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states

5  that such actions may be brought and heard before "any appropriate United States district court

6  without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original

7  jurisdiction of all civil actions arising under the laws of the United States.

8  3.     Defendant conducts business in the State of California and as such, personal

9  jurisdiction is established.

10

11  4.     Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

12  **PARTIES**

13  5.     Plaintiff is a natural person residing in Stockton, California 95209.

14  6.     Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

15  7.     In the alternative, Plaintiff is a person granted a cause of action under the

16  FDCPA. See §1692(k)(a) and <u>Wenrich v. Cole</u>, 2000 U.S. Dist. LEXIS 18687 (E.D. Pa. Dec.

17  22, 2000).

18  8.     Plaintiff is a "person" as that term is defined by 47 U.S.C. §153(39).

19  9.     Defendant is a national debt collection company with its corporate headquarters

20  located at 725 Canton Street, Norwood, Massachusetts 02062.

21

22  10.     Defendant is a "debt collector" as that term is defined by 15 U.S.C.

23  §1692a(6), and RFDCPA, Cal. Civ. Code §1788.2(c).

24  11.     Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

25  12.     Debt collection is the principal purpose of Defendant's business.

26

27  - 2 -

28  PLAINTIFF'S COMPLAINT

13.     Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

14.     Plaintiff has a cellular telephone.

15.     Plaintiff has only used this phone as a cellular telephone.

16.     Beginning in or about January 2017 and continuing thereafter through in or around late September 2017, Defendant called Plaintiff's cellular telephone multiple times per week in their attempts to speak to Plaintiff's wife, Veronica, regarding a "personal matter."

17.     Plaintiff does not have any business debts, so the debt that Defendant has been calling Plaintiff regarding could only have been incurred for personal, family or household purposes.

18.     Defendant has contacted Plaintiff from the following phone numbers, including but not limited to: (603) 363-1012. The undersigned has confirmed that this phone number belongs

19.     During this time, Plaintiff received automated calls from Defendant.

20.     Plaintiff knew he was receiving automated calls from Defendant since they would begin with a noticeable pause or delay before the calls were connected to one of Defendant's collectors.

21.     Defendant's calls were not made for "emergency purposes."

22.     Desiring to stop these repeated calls, Plaintiff spoke to Defendant and informed Defendant they were calling a wrong number, provided Defendant with his wife's number to call and demanded that Defendant stop calling him.

23.     Defendant heard and acknowledged Plaintiff's request to stop contacting him.

PLAINTIFF'S COMPLAINT

24.     Once Defendant was informed that its calls were unwanted and to stop calling, there was no lawful to making further calls, nor was there any good faith reason to place calls.

25.     Rather than restrict its calls from Plaintiff's cellular telephone number, Defendant continued to call Plaintiff incessantly each week in their attempts to contact the Defendant's wife.

26.     Plaintiff found Defendant's excessive calling to be intrusive, exasperating and disturbing during this time period.

27.     Upon information and belief, Defendant conducts business in a manner which violates the Telephone Consumer Protection Act.

## COUNT I
## DEFENDANT VIOLATED §§ 1692d AND 1692d(5) OF THE FDCPA

28.     A debt collector violates § 1692d by engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

29.     A debt collector violates § 1692d(5) by causing a telephone to ring or engaging any person in a telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

30.     Defendant violated §§ 1692d and 1692d(5) when it placed repetitive and harassing telephone calls to Plaintiff's cellular telephone attempting to speak to his wife, Veronica, and continued its barrage of collection calls even though Plaintiff informed Defendant they were calling an incorrect phone number and to stop calling him.

- 4 -

PLAINTIFF'S COMPLAINT

**COUNT II**
**DEFENDANT VIOLATED THE**
**ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

31.     Section 1788.17 of the California Civil Code mandates that every debt collector attempting to collect a consumer debt shall comply with § 1692b through § 1692j of the FDCPA.

32.     Defendant violated Cal. Civ. Code § 1788.17, when it violated the FDCPA for the reasons set forth in this Complaint.

**COUNT IV**
**DEFENDANT VIOLATED THE TCPA**

33.     Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

34.     Defendant initiated automated calls to Plaintiff using an automatic telephone dialing system.

35.     Defendant's calls to Plaintiff were not made for "emergency purposes."

36.     Defendant's calls to Plaintiff between in or around January 2017 and November 2017 were not made with Plaintiff's prior express consent.

37.     Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

38.     The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

39.     As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and treble damages.

PLAINTIFF'S COMPLAINT

WHEREFORE, Plaintiff, CAMERON ALLEN, respectfully prays for a judgment as follows:

a.    All actual damages suffered pursuant to 15 U.S.C. §1692k(a)(1) and Cal. Civ. Code § 1788.30(a);

b.    Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. §1692k(a)(2)(A);

c.    Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to Cal. Civ. Code § 1788.30(b);

d.    All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. §1693k(a)(3) and Cal. Civ. Code § 1788.30(c);

e.    All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

f.    Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

g.    Treble damages of $1,500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

h.    Injunctive relief pursuant to 47 U.S.C. § 227(b)(3); and

i.    Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, CAMERON ALLEN, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

- 6 -

PLAINTIFF'S COMPLAINT

1

Date: April 16, 2018

By: */s/ Amy L. Bennecoff Ginsburg*

2

Amy L. Bennecoff Ginsburg
Kimmel & Silverman, P.C.

3

30 East Butler Pike
Ambler, Pennsylvania 19002

4

Phone: (215) 540-8888
Facsimile: (877) 788-2864

5

Email: aginsburg@creditlaw.com

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S COMPLAINT